#4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

MIFP

Nathan Williams

v.

Allegheny General Hospital,
Surgeon John Doe

RECEIVED
JAN - 3 2023
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Docket no. 2:23-CV-002

Jury Trial Demanded

---

COMPLAINT FOR MONEY DAMAGES,
AND DECLARATORY RELIEF PURSUANT TO
42 U.S.C § 1983

---

1. This is a civil rights complaint for money damages, and declaratory relief brought by the plaintiff, a state prisoner at state correctional institution Greene for violations of his civil rights, negligence, and medical malpractice against Allegheny General Hospital and Surgeon John Doe.

The Complaint is filed within the statute of limitations, after the Plaintiff underwent surgery on his injured kneecap at the hands of Surgeon John Doe at Alleghany General Hospital and the plaintiff subsequently discovered that his kneecap has been placed in the wrong place- severely inhibiting the plaintiff's mobility and causing plaintiff continued and what is assumed will be life long pain and discomfort.

...

Jurisdiction-Venue

---

This court retains proper Jurisdiction to hear this complaint because I, the plaintiff, Nathan. Williams, am suing under 42 U.S.C § 1983.
Venue proper lies in this District pursuant to 28 U.S.C § 1391 (b)(2). The events giving rise to this cause of action occurred at Allehany General Hospital, which is located within the Western district of the state of Pennsylvania. Further, this court has jurisdiction pursuant to 28 U.S.C § 1331, as plaintiff seeks to redress the deprivations under color of state law, and/or rights, privileges and or immunities secured by the U.S Constitution.
This matter seeks equitable and other relief under 42 U.S.C §1983 where the Actions of the defendants were undertaken against the plaintiff because he is not in power or at liberty to prevent such waton indifference.
Also this Honorable Court's pendent jurisdiction is invoked and all other Jurisdictions that this court may have that the

(1)

plaintiff is currently unaware of.


## PARTIES

1. Alleghany General Hospital

2. Surgeon John Doe

...

## FACTS

1. On October 14, 2020 the Plaintiff was transported to Alleghany General Hospital to have surgery on his right knee.

2. Before surgery the plaintiff was asked about all of his medical history and allergies, etc. The plaintiff informed the receptionist of all of his allergies which include shellfish and iodine.

3. Plaintiff was taken to a room where he was to undress and prepare for surgery. In this room the plaintiff was, again asked the same questions as stated in paragraph 2, above.
   Plaintiff was given two surgical gowns to choose from- one bigger than the other- the plaintiff chose the bigger of the two garments to wear.

A short time later, the Plaintiff was, again, asked the same medical questions referred to above.
   A blocker was placed inside of plaintiff's right leg and plaintiff was taken to a room where surgery was to take place.

4. Plaintiff was put out of consciousness with some sort of gas used by hospital staff.
   Once consciousness was regained the plaintiff noticed that 1) there was a brace placed on his right knee and that 2) the plaintiff was now wearing a different surgery gown- the second of the two options of surgical gowns given to him as mentioned in paragraph 3.
   When getting dressed the plaintiff noticed that there was iodine on most of his lower right leg as well as his right sock.

5. The plaintiff was feeling ill when he woke up and for the

entire day thereafter. When the plaintiff arrived back at SCI Greene he was examined by nurse Jennifer who when looking inside of his mouth informed him that "it appear[ed] that [he] had an allergic reaction to something" and that his "uvula looks like a night crawler"- because of how long it had become, so much so that its end wasn't visible because it was hanging down the plaintiff's throat.

6. A few days later the plaintiff came in contact with one of the correctional officers who had accompanied the plaintiff for his hospital transport to and from Alleghany General Hospital and when this officer realized who the plaintiff was he said "hey, I remember you. You're the guy who got sick on the operating table."
The Plaintiff currently can't remember the officer's name but is able to physically identify the officer.

7. On or about November 6, 2020 the plaintiff was taken to the same said hospital, Allehgeny General Hospital, for a post operation evaluation.
  At this visit the knee brace was removed. The old bandages and the stitches were removed. The doctor bent and flexed the plaintiff's knee then placed new bandages on the healing surgical wound before placing the knee brace back on, then instructed the plaintiff to take it easy. No post operation x-ray was taken.

8. On or about November 25, 2020 the plaintiff was again taken to Allegheny General Hospital for another post operation evaluation- at this visit the plaintiff informed the doctor that he was having pains, the doctor simply instructed the plaintiff to do some stretches. No post op. x-ray was taken.

9. At SCI Greene, during the plaintiff's first therapeutic treatment, the plaintiff informed the physical therapist that his right knee cap was not in the right place and proceeded to show him both knees so that he could clearly see the difference. It wasn't until the knee began to heal that he was able to clearly see that his knee cap wasn't in the right place. The misplacement was immediately acknowledged by the therapist and he informed me that I should raise this with the doctor.

10. On or about January 17, 2021 the plaintiff was taken to Allegheny General Hospital for another post operation evaluation- at this visit the plaintiff informed the doctor that his right knee cap was in the wrong place, showing the doctor as done with the therapist, and also informing him that the pain had worsened. Again, no post operation x-ray was taken- despite the fact that it was apparent that the kneecap was misplaced and despite the fact that the doctor was informed of the increase in pain.

11. At the plaintiff's second therapeutic treatment the plaintiff informed the physical therapist that he was in continuous pain and that he was unable to perform many of the exercises.

(3)

12. Because of the misplacement of the Plaintiff's kneecap by the Alleghany General Hospital Surgeon the plaintiff's movements and abilities have been greatly limited which in turn has caused many of his leg muscles to severly atrophy.

13. This medical malpractice and negligence of this surgeon is adversly effecting the plaintiff in his religious practices as well because a big part of his practice is regular prayer to be performed throughout the day in physical prostration but because the plaintiff's knee is in the wrong place he is unable to perform this duty. This inhibition further adds to the mental anguish and emotional distress that the plaintiff is suffering from and has been suffering from under the realization that he will be suffering from these physical limitations for the rest of his life.

14. Along with the fact that the plaintiffs religious practice has been inhibited the plaintiff is unable to run without immediately falling down- risking further injury, he is unable to jump and his ability to climb stairs has been adversly effected to a great extent.

15. It should be noted by this Honorable Court that the Plaintiff suffers from mental ailments and learning disabilities.
   The institution in which he is housed doesn't allow him to use the law library regularly because he's not listed as a pro se defendant in his criminal matter and he doesn't have any other actions pending in any court.
   The Plaintiff has filed several in-house complaints against the staff of this institution for destroying, tampering with and taking his legal effects and mail.
   The plaintiff has solely been defendant upon the help of his friend and legal aid Isaiah Ransome, inmate #LB5742, for being patient enough/adept enough at understanding what it is the plaintiff is going through, what his legal rights are- then compiling this complaint for the plaintiff and will be assisting in all future filings related to this complaint until the plaintiff is appointed counsel.

16. The defendants acted under color of state law and are liable both jointly and seperately.

Remedy Sought:

The Plaintiff seeks $10,000,000 in compensatory damages and $10,000,000 in punitive damages as well as to receives $20,000 a month every month for the rest of his life.

The plaintiff also seeks that this Honorable Court issue an injuction to order Alleghany General Hospital pay for and perform whatever therapies and corrective surgeries needed to fix the misplacement caused by their surgeon.

## VERIFICATION

I, Nathan Williams, do verify/affirm under penalty of perjury according to applicable state and Federal law that all of the contents of this complaint are true, correct and non misleading to the best of my knowledge and recollection this 4th day of October, 2022.

s/ Nathan Williams
Nathan . Williams
October 4, 2022

cc

## CONTRACT FOR COMPENSATION

I, Nathan Williams, on this 4th day of October, 2022 do agree to pay 5% of any lump sum received as a result of this suit to my legal aid Isaiah Ransome- a non Pa.DOC employed compiler and researcher for this complaint. If there is no lump sum then I will pay Isaiah Ransome half of the monthly payments derived from this complaint for the first five (5) consecutive months. This Contract is for Isaiah Ransome's work on this initial complaint.

s/ Nathan Williams
Nathan Williams
October 4, 2022

cc

[seal]

(5)

## CERTIFICATION OF SERVICE

I, Nathan Williams, do certify that I am this 4th day of October 2022 mailing this title 42 USC§ 1983 civil complaint against Alleghany General Hospital and their Surgeon John Doe by way of USPS First Class mail under the Federal prisoner mailbox rule [Houston v. Lack].

s/ *Nathan Williams*
Nathan Williams
October 4, 2022
at;
Pa.Dept of Corrections/SCI Greene
175 Progess drive
Waynesburg, Pa 15370

cc

*Legal Aid: Isaiah Ransome*
*LB5742*
*Oct 4, 2022*
*at SCI-Greene*

(6)